# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| WILLOW GREENE HOMEOWNERS, ASSOCIATION | § § § § | |
| V. | § § | CASE NO. 4:13-CV-176 |
| | | Judge Mazzant |
| GERARD ROOFING TECHNOLOGIES, A DIVISION OF METALS USA BUILDING PRODUCTS, L.P. AND METALS USA, INC. | § § § § § | |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion for Summary Judgment on Their Affirmative Defense of Statutes of Limitations (Dkt. #31). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be granted in part and denied in part.

## BACKGROUND[1]

Plaintiff Willow Greene Homeowners Association ("Willow Greene") is a homeowners association comprised of a twenty-five (25) building, 174-unit complex of one and two-story multi-family condominiums that is more than thirty (30) years old and has suffered from numerous structural problems dating back to the late 1980's, including, but not limited to, deteriorated siding, cracks and holes in the stucco, window sealant problems and roof leaks. In 2003 and 2004, the concrete tile roofs at Willow Greene severely leaked, forcing Willow Greene to replace the roofs.

---

[1] Each side has filed a motion to strike summary judgment evidence (Dkt. #35, #41). In reviewing Defendants' motion for summary judgment, the Court only considered proper summary judgment evidence as provided by the parties. Accordingly, the motions to strike are denied, and the objections are overruled.

Willow Greene hired a professional roofing consultant and considered multiple products for the replacement roofs. Willow Greene ultimately chose to follow the advice of its roofing consultant, Mr. Emmett Marshall ("Marshall"), and contracted with installer Horn Brothers Roofing to purchase and install the Gerard Granite Ridge roofing system. Defendant Gerard Roofing Technologies, a Division of Metals USA Building Products, L.P. ("Gerard") provided a fifty-year limited product warranty on the replacement roofing products sold to Willow Greene. Horn Brothers Roofing provided a ten-year workmanship warranty on its work replacing the defective and leaking roofs at Willow Greene.

In 2012, Willow Greene made an initial warranty claim with Gerard, and filed this lawsuit against Defendants on February 14, 2013. Willow Greene asserts the following claims against Defendants: strict product liability; breach of express warranty; breach of implied warranty of merchantability; violations of the deceptive trade practices act; negligence; negligent misrepresentation; and fraud. Defendants denied all allegations in Willow Greene's lawsuit and have asserted several affirmative defenses including, but not limited to, improper installation and the applicable statutes of limitations.

On July 21, 2014, Defendants filed a motion for summary judgment on the affirmative defense of statute of limitations (Dkt. #31). On August 7, 2014, Plaintiff filed a response (Dkt. #37). On August 18, 2014, Defendants filed a reply (Dkt. #42). On August 22, 2014, Plaintiff filed a sur-reply (Dkt. #43).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper

if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

The only issue raised in Defendants' motion is whether, as a matter of law, Willow Creek's asserted claims are barred by the applicable statutes of limitations. Defendants assert that Willow

Greene's causes of action have a limitations period of two or four years that began to accrue in 2005, after the roofs were installed and allegedly leaked. As such, according to Defendants, any claim by Willow Greene with a two-year limitations period needed to be filed by 2007, and any Willow Greene claim with a four-year limitations period needed to be filed no later than 2009. Defendants assert that instead, Willow Greene waited until approximately eight years after the defective installation, and Willow Greene's discovery of the resulting alleged leaks, to bring this lawsuit. Therefore, Defendants argue that given that all of Willow Greene's claims in this lawsuit are subject to a two-year or four-year statute of limitations, all of Willow Greene's claims are barred by the applicable statutes of limitations.

Although Texas law must be consulted to determine the applicable limitations periods, federal law determines when a cause of action accrues. *Williams v. Upjohn Co.*, 153 F.R.D. 110, 113 (S.D. Tex. 1994) (citing *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)). "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003); *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008).

In this case, Willow Greene filed suit almost eight years after the new roof was installed, and its claims are barred unless the discovery rule[2] applies. "The discovery rule 'defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of

---

[2] Although Plaintiff did not plead the discovery rule and Defendants object to the assertion of this theory, the Court overrules the objection, and finds that Plaintiff's state court petition asserts facts that raise the question of the discovery rule. Moreover, since the petition alleges facts that raise the issue of the discovery rule, Plaintiff did not have to plead it. *See TJG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008).

the facts giving rise to the cause of action.'" *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014) (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). "Whether the discovery rule applies in a particular case is determined categorically; not on a case-by-case basis." *Id.* (citing *Computer Assocs.*, 918 S.W.2d at 457). "The discovery rule is 'a very limited exception to statutes of limitations' and only applies when the nature of the injury is both 'inherently undiscoverable' and 'objectively verifiable.'" *Id.* at 127-28 (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)). To be "inherently undiscoverable," an injury need not be absolutely impossible to discover, nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations. *S.V v. R.V*, 933 S.W.2d 1, 7 (Tex. 1996). The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where "it is difficult for the injured party to learn of the negligent act or omission." *Computer Associates*, 918 S.W.2d at 456 (quoting *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988)). The "objectively verifiable" second element of applying the discovery rule can be proven by showing that the facts upon which liability was asserted can be demonstrated by direct, physical evidence. *S.V.*, 933 S.W.2d at 7.

Defendants assert that the discovery rule does not linger until a claimant learns of actual causes and possible cures, but instead, it tolls limitations only until a claimant learns of a wrongful injury, citing *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd.*, 146 S.W.3d 79, 93 (Tex. 2004), in support of this proposition. Defendants argue that in the context of leaks from windows, roofs, and sewers, the application of the discovery rule ends when an owner "knows of enough leaks to indicate [that] the problem is not isolated." *Id* . and 94 n.78. Defendants argue that the application of the discovery rule ended in 2007 at the very latest, by which time Willow Greene had: (1)

experienced leaks in at least twenty-four percent (24%) of the units at Willow Greene; (2) made at least 200 service calls to its installer; (3) contacted Gerard and asked it to perform an inspection of the Granite Ridge roofing system due to leaks; (4) retained ECI; and (5) was advised by its roofing consultant, Marshall, to file a warranty claim with Gerard.

Plaintiff asserts that the condominiums were subject to numerous water intrusion issues such as leaking chimney caps and skylights and that it acted diligently from the beginning of the water intrusion by hiring Marshall and ECI to inspect and report problems, calling Horn Brothers to fix known points of water intrusion, and requesting an inspection from Gerard. Plaintiff asserts that none of the work performed over the seven years indicated an issue with the Granite Ridge roofing system. Plaintiff argues that it took extreme measures in order to discover the true cause of the water intrusion. Plaintiff asserts that it knew of water intrusion, but not from the roof itself.

Defendants bear the burden of proving all the elements of the affirmative defense of limitations, but Plaintiff bears the burden of producing summary judgment evidence capable of raising a genuine issue of material fact as to whether the discovery rule applies to defer the running of limitations.

Defendants respond that Plaintiff concedes that it was long aware of a water intrusion problem and that Plaintiff attempts to expand the discovery rule to include "who has inflicted the injury" which is not part of the discovery rule test. Defendants assert that the discovery rule cannot toll limitations beyond 2007, at which time Plaintiff experience a roof leak "epidemic" which required it to investigate all potential sources of the leaks, including, but not limited to, the Granite Ridge roof that was installed in 2005.

The Court agrees that the discovery rule does not toll the statute of limitations until the

injured party discovers the identity of the party who caused the alleged injury. However, Plaintiff counters by arguing that it exercised incredible diligence and was never on notice that the Granite Ridge panels themselves were leaking until 2012. Willow Greene asserts that it first discovered that the Granite Ridge panels were leaking in February 2012. After a diligent search for the cause of the leaks and extensive testing, Plaintiff argues that it had notice of water intrusion into the units, not that the roof leaked. After considering the arguments of the parties and the summary judgment evidence, the Court finds that there is a material fact issue on when Plaintiff's claim accrued and whether Plaintiff exercised diligence in its efforts to discover the injury, and this factual dispute should be decided by a jury. Summary judgment should be denied.

Plaintiff agrees that its claim for implied warranty of merchantability is barred by the four-year statute of limitations in Texas. Therefore, Plaintiff's implied warranty limitation period expired in 2009 and should be dismissed.

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment on Their Affirmative Defense of Statutes of Limitations (Dkt. #31) is hereby **GRANTED** in part and Plaintiff's claim for implied warranty of merchantability is **DISMISSED**. The remainder of the motion is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Strike Defendants' Summary Judgment Evidence (Dkt. #35) is hereby **DENIED**.

It is further **ORDERED** that Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence (Dkt. #41) is hereby **DENIED**.

**SIGNED this 9th day of October, 2014.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE